[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
On September 17, 1993, the plaintiff, Fifth RMA Partners, L.P., filed this action on a promissory note against the defendants, Edward and Joann M. Bergin. The plaintiff alleges that the defendants were the makers of the note in the amount of $55,653.24, and that the plaintiff is the holder. The plaintiff alleges further that the defendants have defaulted on the note by failing to make full and timely monthly payments. A copy of the note, dated June 5, 1990, is appended to the complaint.
On October 27, 1993, the defendants filed a motion to dismiss the plaintiff's complaint and a supporting memorandum of law. On November 19, 1993, the plaintiff filed an objection to the defendants' motion to dismiss and a memorandum of law in support of its objection.
"Before transacting business in this state, a foreign limited partnership shall register with the secretary of the state." General Statutes § 34-38g. "A foreign limited partnership transacting business in this state may not maintain any action, suit or proceeding in any court of this state until it has registered in this state." General Statutes § 34-381(a).
The defendants argue that "The plaintiff, Fifth RMA Partners, L.P., by purchasing notes in Connecticut and attempting to collect on said notes is doing business in Connecticut. The plaintiff has failed to register with the Secretary of State's Office for the State of Connecticut." Thus, the defendants argue that the plaintiff is barred by General Statutes § 34-381 from bringing suit in Connecticut.
The plaintiff contends that it was not "transacting business" within the meaning of General Statutes § 34-381, and therefore is not barred from bringing suit.
While the word "business" is defined in § 34-40 as including CT Page 4912 every trade, occupation or profession, § 34-38o of the act lists activities which do not constitute transacting business in this state.
§ 34-38o of the General Statutes, in pertinent part, provides as follows:
 (a) Any foreign limited partnership may purchase, hold, mortgage, lease, sell and convey real and personal property in this state for its lawful uses and purposes, and may hold such property as it may acquire by foreclosure or otherwise in payment of debts due such limited partnership without such action constituting transacting business in this state for the purposes of this chapter.
 (b) Without excluding other activities which may not constitute transacting business in this state, a foreign limited partnership shall not be considered to be transacting business in this state, for purposes of this chapter, by reason of carrying on in this state any one or more of the following activities: (1) Maintaining or defending any action or suit or effecting the settlement thereof or the settlement of claims or disputes . . . (6) creating evidences of debt, mortgages or liens on real or personal property; (7) taking security for or collecting debts due it or enforcing any rights in property securing the same; (8) transacting business in interstate commerce; (9) conducting an isolated transaction completed within a period of thirty days and not in the course of a number of repeated transactions of like nature.
From the uncontroverted testimony of plaintiff's witness, offered at the evidentiary hearing held on March 28, 1994, the court finds that the activities of the plaintiff in this state are limited to those set out in § 34-38o(b) which includes maintaining actions or suits to collect debts. Consequently, the plaintiff is not transacting business in the State of Connecticut as contemplated by § 34-381(a) of the General Statutes.
Therefore, the defendants' motion to dismiss is denied.
WEST, J. CT Page 4913